Robert M. Tzall, Esq.
Nevada State Bar No. 13412
Contemporary Legal Solutions
2551 North Green Valley Parkway
Building C, Suite 303
Henderson, NV 89014
(702) 666-0233
office@contemporarylegalsolutions.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Shoman Za Washington, Jr., individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> -v.-<br><br>Phoenix Financial Services, LLC,<br><br>         Defendant(s). | C.A. No: 2:22-cv-1400<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shoman Za Washington, Jr. (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through his attorneys, against the Defendant Phoenix Financial Services, LLC (hereinafter, "Defendant" or "PFS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Nevada consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Nevada, County of Clark.

8. Defendant PFS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o CSC Services of Nevada Inc., 2215B Renaissance Drive, Las Vegas, Nevada 89119.

9. Upon information and belief, Defendant PFS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Nevada;

    b. to whom the Defendant PFS sent a collection letter attempting to collect a consumer debt;

    c. wherein the letter incorrectly sets forth that the debt is time-barred from legal enforcement; and

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and/or 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and/or 1692f.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to April 27, 2022, multiple obligations were allegedly incurred to the original creditor, EMP of Clark UMC (McCourt), PLL, a non-party to the instant suit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, non-party Pendrick Capital Partners, LLC acquired the creditor rights to the debt obligation and contracted with the Defendant PFS for the purpose of debt collection. Therefore, Defendant PFS is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its businesses, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – April 27, 2022 Collection Letter*

26. On or about April 27, 2022, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the debt originally owed to EMP of Clark UMC (McCourt), PLL. (*See* "Letter" at Exhibit A).

27. The Letter states:

|  |  |
|---|---|
| Original Creditor: | EMP of Clark UMC (McCourt), PLL |
| Current Creditor: | Pendrick Capital Partners, LLC |
| Creditor Account #(s): | [redacted] |
| Date(s) of Service: | 1/15/2018, 4/10/2018, 5/6/2018 |
| Agency Name: | Phoenix Financial Services, LLC |
| Phoenix Reference #(s): | [redacted] |
| Balance: | $1430.63 |

28. Moreover, for Nevada consumers, the Letter sets forth as follows:

> The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific action such as making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

29. Notably, Plaintiff was a resident of Nevada at all relevant times, including when the creditor's cause of action to sue accrued through the present (a period of less than six (6) years).

30. Thus, the applicable statute of limitations on this alleged debt *had not expired* at the time that the Letter was issued.

31. Accordingly, the Letter should have advised the Plaintiff that *he could be sued* and that the debt was *enforceable*.

32. To state otherwise was false, misleading and deceptive.

33. To state that taking action could renew the debt was likewise false, misleading and deceptive.

34. Therefore, Defendant included incorrect or misleading legal advice/status in the Letter.

35. Defendant's improper collection led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

36. Plaintiff was confused as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was already satisfied.

37. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the Defendant is authorized to collect the debt.

38. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is unenforceable and one of which is enforceable, Plaintiff would pay the enforceable debt first.

39. Plaintiff was therefore unable to evaluate whether the debt is enforceable.

40. Plaintiff was therefore unable to evaluate whether the debt was renewable.

41. Plaintiff was therefore unable to make payment on the debt.

42. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

43. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

44. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

45. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

46. Moreover, in reliance on the Letter, Plaintiff did not pay the debt resulting in negative credit information furnishment and dissemination to third parties by the Defendant, resulting with the Plaintiff's financial and reputational harm.

47. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of anxiety.

48. Plaintiff's emotional harm manifested itself physically in the form of restlessness.

49. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

51. Plaintiff is entitled to receive proper notice of the character and legal status of the debt, as required by the FDCPA.

52. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

53. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

55. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the content of the Letter to his detriment.

56. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

57. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the allegations above as if set forth here.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendant violated §1692e:

   a. As the Letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

   b. By making false and misleading representations in violation of §1692e(10).

62. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

63. Plaintiff repeats the allegations above as if set forth here.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendant violated this section by, as described above, unfairly providing incorrect information concerning the enforceability of the debt.

67. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shoman Za Washington, Jr., individually and on behalf of all others similarly situated, demands judgment from the Defendant PFS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

    4.    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    5.    Awarding pre-judgment interest and post-judgment interest; and

    6.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 29, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*s/ Robert Tzall*
　　　　　　　　　　　　　　　　　　　　　　　Robert M. Tzall, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Contemporary Legal Solutions

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*